IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Barksdale and Ollie McKee, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  09 C 7309 |
| | ) | |
| GC Services Limited Partnership, a Delaware limited partnership, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Charles Barksdale and Ollie McKee, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Charles Barksdale ("Barksdale"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Citibank credit card, despite the fact that he was represented as to this debt by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Plaintiff Ollie McKee ("McKee") is a citizen of the State of Michigan from whom Defendant tried to collect a delinquent consumer Citibank credit card debt, despite the fact that Ms. McKee was represented by the legal aid attorneys at LASPD in Chicago, Illinois.

5.     Defendant, GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.   GC Services operates a nationwide debt collection business, including through offices located in Elgin, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6.     Defendant GC Services is licensed to conduct business in Illinois and maintains a registered agent here.   <u>See</u>, record from the Illinois Secretary of State, which is attached as Exhibit <u>A</u>.

7.     Defendant GC Services is licensed to act as a collection agency in Illinois. <u>See</u>, record from the Illinois Division of Professional Regulation, which is attached as Exhibit <u>B</u>.

## FACTUAL ALLEGATIONS

**Mr. Charles Barksdale**

8.     Mr. Barksdale is a senior citizen who fell behind on paying his bills, including a debt he owed for a Citibank credit card.   Accordingly, Mr. Barksdale sought the assistance of the legal aid attorneys at LASPD, in Chicago, Illinois, regarding his financial difficulties.   LASPD runs a nationwide program to protect seniors and disabled

persons in financial difficulties from collection, in cases in which those persons have no assets and their income is protected from collections.

9. On October 4, 2009, one of Mr. Barksdale's LASPD attorneys wrote to Defendant GC Services, informing GC Services that Mr. Barksdale was represented by counsel, and directing it to cease contacting him, and to cease all further collection activities because Mr. Barksdale was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Disregarding this letter, Defendant GC Services continued its collection actions, sending Mr. Barksdale a collection letter, dated October 15, 2009, demanding payment of the Citibank debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on November 10, 2009, Mr. Barksdale's LASPD attorney had to send Defendant GC Services another letter directing it to cease communicating with Mr. Barksdale and to cease its collection actions. Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Ollie McKee**

12. Ms. McKee is a disabled woman who fell behind on paying her bills, including a debt she owed for a Citibank credit card. Accordingly, Ms. McKee sought the assistance of the legal aid attorneys at LASPD regarding her financial difficulties.

13. On September 17, 2009, one of Ms. McKee's LASPD attorneys wrote to Defendant GC Services, informing GC Services that Ms. McKee was represented by counsel, and directing it to cease contacting her, and to cease all further collection activities because Ms. McKee was forced, by her financial circumstances, to refuse to

pay her unsecured debt.   Copies of this letter and fax confirmation are attached as Exhibit F.

14.   Disregarding this letter, Defendant GC Services continued its collection actions, sending Ms. McKee a collection letter, dated October 14, 2009, demanding that she pay the Citibank debt.   A copy of this letter is attached as Exhibit G.

15.   Accordingly, on November 10, 2009, Ms. McKee's LASPD attorney had to send Defendant GC Services another letter, directing it to cease communicating with Ms. McKee and to cease collection actions.   Copies of this letter and fax confirmation are attached as Exhibit H.

16.   All of the collection actions at issue occurred within one year of the date of this Complaint.

17.   Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.   See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections**

18.   Plaintiffs adopt and reallege ¶¶ 1-17.

19.   Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.   See, 15 U.S.C. § 1692c(c).

20.   Here, the letters from Mr. Barksdale's and Ms. McKee's agent, LASPD, told Defendant GC Services to cease communications and to cease collections.   By

continuing to communicate regarding these debts and demanding payment, Defendant GC Services violated § 1692c(c) of the FDCPA.

21. Defendant GC Services' violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22. Plaintiffs adopt and reallege ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendant GC Services knew that Mr. Barksdale and Ms. McKee were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant GC Services to cease directly communicating with them. By directly sending additional collection letters to each of the Plaintiffs, despite being advised that the Plaintiffs were represented by counsel, Defendant GC Services violated § 1692c(a)(2) of the FDCPA.

25. Defendant GC Services' violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiffs, Charles Barksdale and Ollie McKee, pray that this Court:

1.    Find that Defendant GC Services' debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiffs, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiffs, Charles Barksdale and Ollie McKee, demand trial by jury.

                                  Charles Barksdale and Ollie McKee,

                                  By: /s/ David J. Philipps_____
                                  One of Plaintiffs' Attorneys

Dated:    November 20, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com